Haii, Judge,
 

 observed, that although he entertained much doubt upon the question, he inclined to the opinion that judgment should be' entered for the Plaintiff
 
 •,
 
 that if the reference in this case had been made as references generally are made, to clerks and masters, or if it had been the understanding of the parties, and the practice of the Court in which this reference was made, that reports made by referees appointed as in this case, should be subject to the exceptions of either party, as reports made by clerks and masters are, it was clear that judgment should be entered for the Defendant. We can however only judge from the record itself. It is therein stated that,
 
 (e
 
 by consent of parties, the case was referred to William Hines and others, whose report was to be binding between the parties.” It seemed very much to resemble common cases of submissions and awards ; the Defendant was not precluded on the trial from availing himself of any valid objection against the report or award, that was in his power to be made, and which it would be proper to make to awards in ordinary cases
 
 ;
 
 but he seemed to have waived this privilege, and to rest his defence on the ground that it was only an interlocutory decree, and not such a submission and award as would support this action. But by ■
 

 Locke, Lowrie, HekbersoN, and Wright, Judges.
 

 —The order of reference appears to us to have been made by the Court $ the report or award is therefore no evidence of a debt, or obligatory upon the parties, until confirmed by the Court. Judgment for the Defendant.